IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| REUBEN JULIUS INGRAM, III, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. CIV-16-770-D |
| ) | |
| JOE M. ALLBAUGH, Director, ) | |
| ) | |
| Respondent. ) | |

## **O R D E R**

This matter is before the Court for review of the Report and Recommendation [Doc. No. 18] issued by United States Magistrate Judge Charles B. Goodwin pursuant to 28 U.S.C. § 636(b)(1)(B) and (C). Judge Goodwin finds no basis for relief under 28 U.S.C. § 2254 from Petitioner's state conviction and sentence, and recommends denial of the Petition for a Writ of Habeas Corpus.

Petitioner has filed a timely written objection, which consists primarily of a copy of the brief submitted in support of his Petition. *Compare* Obj. [Doc. No. 19] at 2-35 *with* Pet. Attach. 1 [Doc. No. 1-1] at 14-47.[1] Petitioner states: "Here's my Propositions which I filed in my original brief [;] I stand by my argument and ask the court to move forward with whatever the next step will be." *See* Obj. at 1.

Upon timely objection, the Court must make a *de novo* determination of any part of the Report to which a specific objection is made, and may accept, reject, or modify the

---

[1] This appears to be a modified version of Petitioner's brief from his direct appeal.

recommended decision, in whole or in part. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). In this case, Petitioner's objection does not address Judge Goodwin's Report or raise any specific issue for decision by the Court. *See United States v. 2121 E. 30th St.*, 73 F.3d 1057, 1060 (10th Cir. 1996) (the "firm waiver" rule requires a timely and specific objection to preserve an issue for *de novo* review by the district court). Further, Petitioner fails to acknowledge the deferential standard of review that this Court must apply to the Oklahoma Court of Criminal Appeals' decision rejecting his claims of error. *See* 28 U.S.C. § 2254(d). In any event, upon consideration of the thorough analysis of Petitioner's claims in the 25-page Report, the Court fully concurs with Judge Goodwin's findings and conclusions.

IT IS THEREFORE ORDERED that the Report and Recommendation [Doc. No. 18] is ADOPTED in its entirety, as though fully set forth herein. The Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2254 [Doc. No. 1] is DENIED. Judgment shall be entered accordingly.

IT IS FURTHER ORDERED that pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, the Court must issue or deny a certificate of appealability ("COA") when it enters a final order adverse to a petitioner. A COA may issue only if Petitioner "has made a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003); *see also Slack v. McDaniel*, 529

U.S. 473, 484 (2000). Upon consideration, the Court finds the requisite standard is not met in this case. Therefore, a COA is DENIED.

IT IS SO ORDERED this 31st day of January, 2018.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE